1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    SAMUEL RAMOS-GONZÁLEZ,

4         Petitioner,

                                              Civil No. 10-1956 (JAF)
5         v.
                                              (Crim. No. 05-382)

6    UNITED STATES OF AMERICA,

7         Respondent.

8                           **OPINION AND ORDER**
9
10        Petitioner brought the instant challenge of his federal conviction and sentence as a

11   petition for a common-law writ, which he filed in the above-captioned criminal case.  (Crim.

12   No. 05-382, Docket No. 129.)  We summarily dismissed that petition (id., Docket No. 135), and

13   Petitioner appealed (id., Docket No. 136).  On appeal, the First Circuit found that the petition

14   was properly denied as a petition for writ but, given its content, should have been

15   recharacterized and analyzed as a petition under 28 U.S.C. § 2255 for relief from a federal court

16   conviction.  (See id., Docket Nos. 144; 145.)  Accordingly, we gave Petitioner notice of the

17   recharacterization and granted him leave to withdraw or amend the petition, to include all

18   grounds for relief he might claim under § 2255.  (Docket No. 3.)  In response, Petitioner

19   incorporated the grounds set forth in his original petition (Docket No. 2), and added new

20   grounds for relief.  (See Docket Nos. 4; 5.)  Respondent opposes relief (Docket No. 8), and

21   Petitioner replies (Docket No. 13).  In addition, Petitioner moves for recusal of the undersigned

1   judge (Docket No. 10) and moves us to appoint counsel (Docket No. 12; <u>see also</u> Docket

2   Nos. 2; 4; 5 (requesting appointment of counsel)).

## I.

## **Factual Background**

5       In 2005, Petitioner pled guilty to two counts of aiding and abetting a carjacking, under

6   18 U.S.C. § 2119, and one count of using a firearm in carrying out the carjacking, under

7   § 924(c)(1)(A)(ii). (<u>See</u> Docket No. 2 at 4.) We sentenced him to 264 months of imprisonment.

8   (<u>Id.</u>) Petitioner appealed his sentence, represented by his trial counsel, and the First Circuit

9   affirmed. (<u>See</u> <u>id.</u> at 2.)

## II.

## **Standard for Relief Under 28 U.S.C. § 2255**

12      A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner

13  is in custody under the sentence of a federal court. <u>See</u> 28 U.S.C. § 2255. A federal prisoner

14  may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of

15  the Constitution or laws of the United States." <u>Id.</u>

16      On collateral review, a petitioner may not relitigate issues that were decided on direct

17  appeal. <u>See</u> <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir. 1993). In addition, a

18  petitioner's "failure to raise a claim in a timely manner at trial or on appeal constitutes a

19  procedural default that bars collateral review, unless the [petitioner] can demonstrate cause for

20  the failure and prejudice or actual innocence." <u>Berthoff v. United States</u>, 308 F.3d 124, 127–28

Civil No. 10-1956 (JAF)                                                          -3-

1    (1st Cir. 2002).  This bar does not apply to claims of ineffective assistance of counsel.  See

2    Massaro v. United States, 538 U.S. 500, 509 (2003).

3          A petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do

4    not entitle him to relief, or . . . need not be accepted as true because they state conclusions

5    instead of facts, contradict the record, or are inherently incredible."  Owens v. United States,

6    483 F.3d 48, 57 (1st Cir. 2007) (quoting David v. United States,134 F.3d 470, 477 (1st Cir.

7    1998)) (internal quotation marks omitted); see also § 2255(b).  A petitioner waives any claims

8    he raises perfunctorily.  See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (deeming

9    waived ineffective assistance claim raised in § 2255 proceeding in perfunctory manner).

10                                        **III.**

11                                     **Analysis**

12         Because Petitioner appears pro se, we construe his pleadings more favorably than we

13   would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

14   Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural

15   and substantive law.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

16         We consider Petitioner's motions for recusal and for appointment of counsel before

17   turning to the substance of his petition.

18   **A.    Recusal**

19         Petitioner moves for recusal of the undersigned judge, citing 28 U.S.C. §§ 144 and 455.

20   (Docket Nos. 10; 10-1.)  We review the motion and attached affidavit in order to determine

21   whether it has sufficiently alleged a personal prejudice or bias.  See United States v. Kelley, 712

Civil No. 10-1956 (JAF)                                                        -4-

1    F.2d 884, 889 (1st Cir. 1983) (noting that "the trial judge must pass upon the legal sufficiency

2    of the affidavit" and that the "[f]acts learned by a judge while acting in his judicial capacity

3    cannot serve as a basis for disqualification on account of personal bias").  In his affidavit and

4    motion, Petitioner lists various rulings adverse to him and alleges a general bias in favor of the

5    government throughout this litigation.  (See Docket Nos. 10; 10-1.)  The events alleged do not

6    demonstrate personal bias, as they are based on facts the undersigned judge learned, and

7    determinations he made, while acting in his judicial role.[1]  Therefore, Petitioner's affidavit is

8    insufficient as a matter of law, and recusal is not warranted in this case.

9    **B.      Appointment of Counsel**

10           Petitioner requests appointment of counsel and argues that failure to appoint counsel is

11   an abuse of discretion where, as here, a petitioner does not have access to legal materials.

12   (Docket No. 12.)  Petitioner claims he has no access to legal materials because he does not

13   understand English and because his correctional facility is "constantly locked down."  (Id. at

14   4.)

15           "In most federal courts, it is the practice to appoint counsel in post-conviction

16   proceedings only after a petition for post-conviction relief passes initial judicial evaluation and

17   the court has determined that issues are presented calling for an evidentiary hearing." Johnson

18   v. Avery, 393 U.S. 483, 487 (1969).  The First Circuit has required appointment of counsel on

---

[1] We otherwise detect nothing justifying recusal in this case, particularly in light of § 2255's "strong preference" for post-conviction review by the judge who presided over the criminal court proceedings.  Ellis v. United States, 313 F.3d 636, 642 (1st Cir. 2002).

1    habeas proceedings where the petitioner "has shown a fair likelihood of success on the

2    constitutional claim" at issue.  United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993).

3             We note that the governing precedent contemplates petitioners who cannot alone

4    understand written materials due to illiteracy.  See Avery, 393 U.S. at 487.  We also note

5    Petitioner's submissions in the instant proceeding, which he prepared and filed with the

6    assistance of a fellow inmate; their drafting and submission undermine his claim that he is in

7    constant lockdown with no access to legal materials or to English-language assistance.  With

8    this in mind, we are not moved to deviate from the usual practice of facially assessing the merits

9    of Petitioner's claims before deciding whether to appoint counsel, just as we notified Petitioner

10   we would do (see Docket No. 3).

11   **C.    Petitioner's Claims for Relief Under § 2255**

12            Petitioner's claims fall into two broad categories:  (1) the trial court's error, and

13   counsel's failure to challenge same, in taking jurisdiction over the criminal case when the facts

14   alleged in the indictment and pleaded to at the change of plea hearing did not state the elements

15   of the federal crime charged; and (2) the trial court's errors, and counsel's failure to challenge

16   same, in calculating Petitioner's sentence.  (See Docket Nos. 2; 4; 5; 13.)  Respondent argues

17   that Petitioner's claims are time-barred and are not subject to equitable tolling, despite

18   Petitioner's argument to the contrary.  (See Docket No. 8.)  We first consider the timeliness

19   issue before turning to the merits of the petition.

1      **1.**    **Timeliness**

2           Respondent claims that Petitioner's petition is untimely under § 2255(f), as it was filed

3 more than one year after the judgment in his criminal case became final. (Docket No. 8.)

4 Petitioner responds that (1) no statute of limitations applies to challenges to the trial court's

5 jurisdiction over the criminal case; and (2) any applicable statute of limitations was tolled by

6 his lack of access to legal materials.[2] (Docket No. 13.) Petitioner's argument as to the

7 jurisdictional challenge is precluded by § 2255, in that § 2255(a) contemplates challenges to the

8 sentencing court's jurisdiction and submits them to the timing rules in § 2255(f). See Barreto-

9 Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008). As to equitable tolling, Petitioner

10 would have to show, among other things, that he exercised due diligence in pursuing his rights.

11 See Ramos- Martínez v. United States, 638 F.3d 315, 323 (1st Cir. 2011). As record evidence

12 of Petitioner's diligence is sparse, we find that an evidentiary hearing as to diligence would be

13 required to determine whether equitable tolling applies in this case. See id. at 323–24.

14           We may, however, bypass this potentially time- and resource-consuming timeliness issue

15 if it is clear that Petitioner's claims have no merit. See id. at 324–25. As we decide, for the

16 reasons detailed below, that Petitioner's claims are clearly meritless, we decline to determine

17 whether the claims are time-barred.

---

     [2] Petitioner claims that his access to legal materials has been curtailed by the following: (1) his counsel's failure to turn over materials to him; (2) his transfer into and between state and federal correctional facilities; (3) his inability to understand English; and (4) his correctional facility's constant lockdown status. (See, e.g., Docket No. 4 at 2–4.)

1     **2.     Merits**

2         As noted above, Petitioner alleges trial court errors regarding his indictment and

3     sentencing, and ineffective assistance of counsel for failure to challenge those errors before the

4     court or on appeal.[3]  We consider first the indictment and then the sentencing.

5               **a.     Indictment**

6         Petitioner claims that his indictment was insufficient because it did not allege facts

7     constituting the federal offense charged. (Docket No. 4 at 4–5.)  Specifically, Petitioner claims

8     that the charged and pleaded facts for carjacking needed to include (1) that the victim from

9     whom he took the car was in the car at the time of the taking; and (2) that he intended to cause

10    serious injury or bodily harm to the victim, which he suggests would have been negated with

11    evidence that the victim willingly handed over the keys to the car.  (Id.)

12        Petitioner waived collateral review of his indictment when he failed to raise the issue on

13    direct appeal.  See Berthoff, 308 F.3d at 127–28.  Nevertheless, we review the claim to

14    determine whether it was, as Petitioner alleges (Docket No. 5 at 3), ineffective assistance when

15    counsel failed to pursue this challenge at trial or on appeal.  We determine that it was not,

16    because the challenge is meritless.  See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990)

17    (stating that failure to raise meritless claims is not ineffective assistance of counsel).  First, the

---

[3] We note that Petitioner waived his right to appeal when he signed his plea agreement. (Crim. No. 05-382, Docket No. 30 at 9.)  Nevertheless, the First Circuit entertained his appeal, presumably because waiver of the right to appeal may be ignored when a defendant argues on appeal that the sentencing court misapplied the sentencing guidelines.  See United States v. McCoy, 508 F.3d 74, 78 (1st Cir. 2007).  The same applies when the defendant argues on appeal that the conduct alleged in the indictment and pleaded to was not conduct proscribed by the federal criminal statute at issue.  United States v. Rosa-Ortiz, 348 F.3d 33, 36 (1st Cir. 2003).

Civil No. 10-1956 (JAF)                                                                                        -8-

1    victim need not be in the car in order for the conduct to constitute carjacking.  See United States

2    v. Castro-Davis, 612 F.3d 53, 61–62 (1st Cir. 2010) (noting that government need not prove that

3    victim was inside vehicle); United States v. Savarese, 385 F.3d 15, 17, 20 (1st Cir. 2004)

4    (reviewing similar facts involving home invasion and noting with approval that "other circuits

5    have held that the presence requirement of [18 U.S.C. § 2119] was satisfied when the victim

6    or victims were inside a building and the stolen vehicle was parked outside the building").  And

7    second, the intent to cause serious injury or bodily harm to the victim would not be negated with

8    evidence that the victim willingly handed over keys to the car; rather, the requisite intent is

9    shown where a perpetrator is prepared to cause serious injury or bodily harm if necessary.  See

10   Holloway v. United States, 526 U.S. 1, 6–7 (1999). This "conditional" intent is what Petitioner

11   pled to.  (See Crim. No. 05-382, Change of Plea Hr'g Tr. 8–9, Dec. 16, 2005.)

12              **b.    Sentencing**

13       As to sentencing, Petitioner claims that the court erroneously (1) applied sentence

14   enhancements and criminal history points, resulting in a sentence exceeding that allowed by the

15   guidelines; (2) applied the sentencing guidelines as mandatory rather than advisory; and

16   (3) failed to mitigate the sentence in view of the "grossly disproportionate" sentence for the

17   crime charged.  (See Docket Nos. 2 at 5–13; 13 at 2 n.2.)

18       On appeal, Petitioner challenged the reasonableness of his sentence and claimed that the

19   court "set his sentence above the applicable Sentencing Guideline range without adequate

20   justification." (Crim. No. 05-382, Docket No. 125 at 1.)  To the extent the instant claims are

21   identical to those Petitioner raised on appeal, they are barred.  See Singleton, 26 F.3d at 240.

1    To the extent they were not raised on appeal, they are barred.[4]  See Berthoff, 308 F.3d at

2    127–28.   Nevertheless, we review the claims to determine whether Petitioner suffered

3    ineffective assistance of counsel for failure to pursue them before the sentencing court or on

4    appeal.  (See Docket No. 4 at 13–17.)

5           First, Petitioner argues that the court erroneously applied enhancements to his base

6    offense level and to his criminal history points to arrive at a sentence that exceeded the

7    guideline range applicable to the crimes to which he pleaded.  (Docket No. 2 at 5–10.)  The

8    court calculated a base offense level of 25 and a criminal history category of six.  (Crim.

9    No. 05-382, Sent'g Hr'g Tr. 17, Apr. 24, 2006.)  The applicable guideline range for that

10   combination, which was to be the total sentence for the carjacking counts, was 110 to 137

11   months.  U.S. Sentencing Guidelines Manual ch. 5, pt. A (2005).  Adding the consecutive

12   minimum statutory sentence of 84 months for the weapons conviction, 18 U.S.C.

13   § 924(c)(1)(A)(ii), his total sentencing range was 194 to 221 months.  Nevertheless, Petitioner

14   was classified as a career offender[5] and, therefore, the applicable guideline range was instead

15   262 to 327 months.  See U.S. Sentencing Guidelines Manual § 4B1.1(c)(2). We, therefore, find

16   that any error made that increased Petitioner's base offense level or criminal history category

---

[4]  Petitioner acknowledges this procedural bar and indirectly argues that counsel's ineffective assistance caused that procedural default and prejudiced his claim.  (See Docket No. 2 at 13–14.)  As we review the merits of the challenges under the claim for ineffective assistance of counsel, we need not address this cause-and-prejudice argument.

[5]  Petitioner nowhere argues that he should not have been classified as a career offender. While he does argue that he should have received a more lenient sentence because the "applicable career offender guideline § 4B1.1 overrepresented his criminal history" (Docket No. 2 at 6), he offers no facts to support that general assertion (see id. at 6–10).

Civil No. 10-1956 (JAF)                                                                    -10-

1    did not affect his sentence, as the guideline range the enhancements factored into was ultimately

2    not the range applied to Petitioner.  It, therefore, would have been futile for counsel to raise

3    these arguments on appeal, and he was not deficient for failure to do so.  See Vieux v. Pepe, 184

4    F.3d 59, 64 (1st Cir. 1999) (noting that decision not to pursue "futile tactics" will not be

5    considered deficient performance).

6           Second, Petitioner claims that the sentencing court applied the guidelines as mandatory

7    rather than advisory.  (Docket No. 2 at 10–11.) As evidence, Petitioner shows that the court

8    applied the guideline range rather than the sentence recommended in his plea. (Id.) Petitioner,

9    however, received and acknowledged notice that the court had discretion to do so.  (See, e.g.,

10   Crim. No. 05-382, Change of Plea Hr'g Tr. 16–17, 21, Dec. 16, 2005.)  Furthermore, the court

11   on various occasions noted that it considered the sentencing guidelines as advisory rather than

12   mandatory.  (See, e.g., id. at 12–13.)

13          Third and finally, Petitioner claims that the sentence he received was unreasonable and

14   disproportionate to his conduct. (Docket No. 2 at 11–13.)  As this claim was brought on appeal

15   and rejected, we find counsel was not deficient for any alleged failure to pursue it.

16          We note that Petitioner additionally alleges ineffective assistance of counsel during his

17   decision to plead guilty, claiming that had he known his ultimate sentence, he would not have

18   pled guilty. (Docket No. 2 at 17.)  Counsel successfully negotiated with the government a plea

19   agreement recommending a sentence much lower than that ultimately imposed.  (See Crim.

20   No. 05-382, Docket No. 30.)  In addition, counsel filed a presentence memorandum and argued

21   during sentencing for mitigation of the sentence on various grounds. (Id., Sent'g Hr'g Tr. 3–14,

1    Apr. 24, 2006.)  He also appealed the sentence, arguing unreasonableness.  (Id., Docket

2    No. 125.)  Having reviewed that representation, and given the fact that we find no merit in

3    Petitioner's instant challenges to his sentencing, we find that counsel's performance in handling

4    Petitioner's sentencing was not deficient.

5                                              **IV.**

6                            **Certificate of Appealability**

7            In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we

8    deny § 2255 relief, we must concurrently determine whether to issue a certificate of

9    appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a

10   constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must

11   demonstrate that reasonable jurists would find the district court's assessment of the

12   constitutional claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003)

13   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  We see no way in which a reasonable

14   jurist could find our assessment of Petitioner's constitutional claims debatable or wrong.

15   Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate

16   Procedure 22.

17                                              **V.**

18                                      **Conclusion**

19           For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket Nos. 2; 4; 5).

20   We also **DENY** Petitioner's motions for recusal (Docket No. 10) and for appointment of

21   counsel (Docket No. 12).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings,

Civil No. 10-1956 (JAF)                                                                    -12-

1    we summarily dismiss Petitioner's claims because it is plain from the record that he is entitled

2    to no relief.

3    **IT IS SO ORDERED**.

4    San Juan, Puerto Rico, this 12th day of July, 2011.

5                                  s/José Antonio Fusté

6                                  JOSE ANTONIO FUSTE

7                                  United States District Judge